IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KASANDRA ATKINSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation, and STATE FARM INSURANCE COMPANY,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.: 2:12-cv-00247-DN<br><br>Judge David Nuffer |

The above-entitled matter came before the court on Defendant State Farm Insurance Company's ("State Farm") motion for summary judgment.[1] The matter was fully briefed, and after considering the parties' arguments, the court granted State Farm's motion.[2]

## UNDISPUTED FACTS

On November 14, 2007, Plaintiff, a minor, was injured in an accident while a passenger in an automobile driven by a MetLife insured. Plaintiff lived at her grandparents' house at the time of the accident. As a result of the accident, Plaintiff received a settlement from MetLife for their insured's liability policy limits. Plaintiff alleged that the liability limits of MetLife were insufficient to cover her damages, so Plaintiff made a demand for her grandparents' underinsured motorist ("UIM") coverage limits on one of their State Farm policies, which State Farm paid.

---

[1] Dkt. no. 11, filed November 2, 2012.
[2] Dkt. no. 20, filed April 8, 2013.

Subsequently, Plaintiff initiated this lawsuit against State Farm, alleging that she is entitled to stack her grandparents' additional State Farm UIM policy to the amounts she has already received under the first State Farm UIM policy and the MetLife policy.

## CONCLUSIONS OF LAW

The court finds that, with respect to Plaintiff's claim against State Farm, State Farm's insurance policy unambiguously limits Plaintiff's UIM coverage under her grandparents' policies to one policy from that household. This interpretation is consistent with Utah's statutes on UIM coverage in which the Utah State Legislature has "enacted a comprehensive statutory scheme governing stacking in the context of UIM coverage."[3] Specifically, Utah Code Ann. § 31A-22-305.3 (2007)[4] provides the relevant provisions governing whether Plaintiff is entitled to stack her grandparents' State Farm policies.

Pursuant to § 31A-22-305.3, and the reasoning set forth in *Green*, the Utah Legislature has made it clear that under the undisputed facts of this case, Plaintiff is entitled to one UIM policy from her grandparents' household, and she is not permitted to stack her grandparents' additional UIM policies to the coverages she already received. As State Farm has already paid Plaintiff under one of her grandparents' UIM policies, she is not entitled to any additional coverage or payments from State Farm and her claims against State Farm are therefore dismissed.

---

[3] *State Farm Mut. Auto. Ins. Co. v. Green*, 2003 UT 48, ¶ 44, 89 P.3d 97.

[4] The 2007 version of the statute is the applicable law because it was in effect on the date of the accident. *See id.* at ¶ 45.

## **ORDER**

Based upon the foregoing and good cause appearing,

IT IS HEREBY ORDERED that Defendant State Farm Insurance Company's motion for summary judgment is granted.

IT IS FURTHER ORDERED that all of Plaintiff's claims in this case against State Farm are dismissed with prejudice.

Dated May 3, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge